UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

UNITED STATES OF AMERICA,

    vs.                                          **SENTENCING MEMORANDUM**

DEMETRIUS YARBOROUGH                 **15-CR-143**
                Defendant
_____

      Defendant, Demetrius Yarborough was charged in Count Three of a 31 Count Second Superseding Indictment with conspiracy to possess with intent to distribute heroin, fentanyl and cocaine.  There were no allegations accusing him of selling anything in a controlled buy.  During the course of these proceedings, Yarborough sought a Bill of Particulars complaining that other than the October 9, 2013 search of the Carl Street property, his name simply did not come up in the discovery documents.

      The allegations in Count 3 included that from June 2013 continuing to at least on or about September 2015, the defendants, including Demetrius Yarborough, conspired with the intent to distribute controlled substances.  Including Yarborough, 12 of the codefendants have pled guilty, two have been convicted after trial and two are scheduled to go to trial.

      The Government agreed to dismiss the conspiracy charge upon a plea of guilty to possessing with intent to distribute on October 9, 2013 at least 2 kg but less than 3.5 kg of cocaine.  This weight was based upon packaging which contained cocaine residue found during the search of the 22 Carl St. property.  No cash and no weapons were recovered in this search.

The Government and the Defendant are in agreement that pursuant to Rule 11(c)(1)(C), a non-guidelines sentence of at least 60 months but no more than 90 months of imprisonment would appropriately address Yarborough's conduct. This would require a downward departure from the recommended Guideline Range.

The charged Indictment included allegations of an international operation in which four of the defendants are viewed as the managers or organizers. Mr. Gill and Mr. Williams took a plea. Mr. Aguirre and Mr. Gillan were convicted at trial. After hearing lengthy testimony, this Court is familiar with the allegations about the structure of the organization.

It is believed that Yarborough's name was never mentioned during the course of that trial. The likely reason is that while Yarborough was responsible for distributing cocaine on October 9, 2013, according to the Government's witnesses, Yarborough left town after that.  Defense counsel, after reviewing the 3500 material, is not aware of any reason to believe there is convincing evidence Yarborough did anything to advance the cause of Gill's, Aguirre's and Gillon's organization after October 3, 2013, which was the very beginning of the alleged conspiracy. The first substantive act was charged in Count 5.  That Count alleges that Sonia Hernandez distributed cocaine on June 21, 2014, eight (8) months later.

After the search warrant was executed at 22 Carl St. on October 3, 2013, Yarborough moved out of state and disassociated himself from the alleged conspiracy. This testimony was provided by one of the Government's witnesses, CS-2, in pre-trial testimony.  Therefore, during most of the time in which the alleged criminal conduct was

ongoing, Yarborough was not a participant. The charged defendants were investigated for nearly 2 years after Yarborough left the area.

Paragraph 24 of the PSI states that it was determined that the defendant was a close associate of Gillan and also a mid-level drug distributor of both heroin and cocaine in the Buffalo, New York area. Yarborough was "reportedly" supplied heroin by Gillon and received 20 to 30 kg quantities of cocaine every two weeks.

Yarborough denies using or selling heroin. He has acknowledged and has accepted responsibility for between 2 to 3.5 kg of cocaine. To the extent that what "was determined" or what was "reportedly" done (see, paragraph 24 of the PSI) becomes a factor in this Court's determination, Yarborough requests a hearing. In light of the plea agreement, there is no reason for the Defendant to challenge testimony which would have been vigorously contested at trial.

It is respectfully requested that the Court not credit allegations which were determined to be true by an unnamed source or which was reported by a person who the Defendant believes had considerable motive to blame him for conduct in which he did not engage.

Yarborough's name is not mentioned in the paragraphs in the PSI referring to the investigation. See, paragraph 26 through 60.

Yarborough's criminal conduct is described in paragraphs 61 through 63, citing specifically the solicitation of 1 kg of cocaine which was supplied to a CS by Tamara Ward, an individual not charged in this indictment. Ward was suspected of being an agent of Yarborough.  Other than that, the only reference is to conduct on October 9, 2013.

PAST DRUG USE

Yarborough has abused alcohol, marijuana and cocaine in the past which has led to his current troubles. He was able to stop using for a period of about 12 years before suffering a relapse. He has in the past received substance-abuse treatment. He requests the opportunity to obtain treatment while incarcerated.

CONCLUSION

Yarborough asks that the Court approve the Rule 11 plea negotiated with the Government and sentence him within the range of 60 – 90 months of incarceration. The Defendant requests a sentence of 60 months, as sufficient but not greater than necessary to meet the objectives of sentencing.

Mr. Yarborough also requests a recommendation from the Court that he be permitted to attend the 500 hour rehabilitation course due to his previous dependence upon controlled substances and his desire to be free of the influences of drug addiction.

DATED:   Buffalo, New York
         March 12, 2019

                              Respectfully Submitted,

                              s/ David R. Addelman
                              _____
                              David R. Addelman, Esq.
                              Attorney for Defendant, Demetrius Yarborough
                              David R. Addelman, P.C.
                              69 Delaware Avenue, Suite 602
                              Buffalo, New York 14202
                              Tel. (716) 856-4118
                              info@addelmanlaw.com

TO:   Michael Felicetta, Esq.
      Meghan A. Tokash, Esq.
      Assistant U.S. Attorneys
      138 Delaware Avenue
      Buffalo, New York 14202